**Opinion issued May 25, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

### NO. 01-23-00300-CV

———————————

**ROBERT CHARLES FORAN, III, Appellant**

**V.**

**PAUL M. SULLIVAN AND THE LAW OFFICE OF PAUL M. SULLIVAN, PLLC, Appellees**

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-77839**

---

### MEMORANDUM OPINION

On April 19, 2023, appellant, Robert Charles Foran, III, filed a notice of appeal from the trial court's January 30, 2023 order granting the motion to dismiss of appellees Paul M. Sullivan and The Law Office of Paul M. Sullivan, PLLC under Texas Rule of Civil Procedure 91a.

We dismiss the appeal for lack of jurisdiction.

On April 20, 2023, appellees filed a "Motion to Dismiss Appeal for Want of Jurisdiction," asserting that appellant's notice of appeal was not timely filed. Absent a timely filed notice of appeal, we lack jurisdiction over an appeal. *See* TEX. R. APP. P. 25.1. Generally, a notice of appeal of a final judgment must be filed within thirty days after the entry of judgment. *See* TEX. R. APP. P. 26.1. The time within which to file a notice of appeal may be enlarged however, if, within fifteen days after the deadline for filing the notice of appeal, an appellant files a notice of appeal in the trial court and a motion for extension of time to file the notice of appeal in the appellate court. *See* TEX. R. APP. P. 10.5(b), 26.3. Accordingly, in order to invoke this Court's appellate jurisdiction, appellant was required to either: file a notice of appeal on or before March 1, 2023, or a notice of appeal and a motion for extension of time to file a notice of appeal on or before March 16, 2023. Appellant filed his notice of appeal on April 19, 2023.

Notably, where a party timely files certain post-judgment motions, the deadline to file a notice of appeal is extended to ninety days after the entry of judgment. *See* TEX. R. APP. P. 26.1(a)(1). Post-judgment motions generally must be filed within thirty days after the judgment or other order complained of is signed. *See* TEX. R. CIV. P. 329b(a), (g).

On April 20, 2023, appellant filed a "Motion to Strike Appellees' Motion to Dismiss Appeal for Want of Jurisdiction and Grounds for [Appellate] Jurisdiction." In his motion, appellant argued that he timely filed his notice of appeal because under Texas Rule of Appellate Procedure 26.1(a)(4) the deadline to file a notice of appeal to ninety days after the entry of the judgment if a party files "a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court." *See* TEX. R. APP. P. 26.1(a)(4). Specifically, appellant stated that his notice of appeal was "filed . . . [seventy-nine] days after" the trial court's January 30, 2023 order which "would be within the [ninety-day] rule."

Although appellant's motion refers to the extension of appellate deadlines where a party files a request for findings of fact and conclusions of law, appellant's motion does not state, or otherwise establish, that he filed a request for findings of fact and conclusions of law with the trial court. And the appellate record does not reflect that any request for findings of fact or conclusions of law was made. Accordingly, appellant's deadline for filing his notice of appeal was not extended, and appellant's notice of appeal was due to be filed no later than March 1, 2023, or March 16, 2023, if he filed a motion for extension of time to file his notice of appeal. *See* TEX. R. APP. P. 26.1(a)(1), 26.3.

Appellant did not file his notice of appeal until April 19, 2023, which was seventy-nine days after entry of the trial court's January 30, 2023 order. Because appellant failed to file a timely notice of appeal, we lack jurisdiction over his appeal.

Accordingly, we grant appellees' motion, and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). All other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Farris.